IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RALPH PERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 3:17cv369-WC |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

**I. INTRODUCTION**

Ralph Perry ("Plaintiff") filed applications for a period of disability and disability insurance benefits on October 23, 2014, alleging disability beginning on September 8, 2014. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review of that decision

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 12); Def.'s Consent to Jurisdiction (Doc. 11). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step Four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step One through Step Four. At Step Five, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id*. at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-one years old on the date of the hearing before the ALJ. Tr. 36. Following the administrative hearing, and employing the five-step process, the ALJ found at Step One that Plaintiff "has not engaged in substantial gainful activity since September 8, 2014, the alleged onset date[.]" Tr. 20. At Step Two, the ALJ found that Plaintiff suffers from the following severe impairments: "post-traumatic stress disorder, degenerative disc disease, carpal tunnel syndrome by history, and history of right rotator cuff tear." Tr. 20. At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" Tr. 21. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light work . . . with: No climbing of ladders ropes scaffolds, no more than occasional climbing of ramps stairs, no more than occasional stooping, kneeling, crouching, crawling, no more than frequent handling with the upper extremities, and no overhead reaching with the right upper extremity. He requires a cane to get to and from the work station, must be permitted to alternate sitting and standing, either at-will, or at least every half an hour, and must avoid all exposure to hazards. He is limited to the performance of simple and routine tasks, and is able to sustain attention concentration for two hours at a time. He is unable to work in very close proximity to others, is able to tolerate brief, superficial, and infrequent contact with the public and tolerate direct, non-confrontational supervision. He is able to adapt to simple, gradual, well-explained workplace changes and to make simple decisions and plans.

Tr. 22. At Step Four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work." Tr. 25. The ALJ next concluded, at Step Five, that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 25. Based upon the testimony of the VE, the ALJ identified the following as representative

occupations: "marker," "collator operator," and "checker." Tr. 82. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from September 8, 2014, through the date of this decision[.]" Tr. 26.

## IV. PLAINTIFF'S ARGUMENT

Plaintiff presents two arguments in his "Statement of the Issues": a) "The Commissioner's decision should be reversed because the ALJ failed to properly reject the medical opinion expressed by Dr. Sellers or include in his RFC finding the need for an assistive device for any and all terrain;" and 2) "The Commissioner's decision should be reversed because the ALJ erred as a matter of law by failing to assign the requisite 'great weight' to the disability determination reached by the United States Department of Veteran Affairs[.]" Pl.'s Br. (Doc. 13) at 3.

## V. DISCUSSION

Plaintiff first argues that the ALJ reversibly erred in failing to properly reject the medical opinion of his treating physician that Plaintiff medically requires the use of a cane and/or a walker and that he needs such assistive devices for "any and all terrain." Doc. 13 at 4-5. Defendant contends that no reversible error occurred. Doc. 14 at 4-6.

On July 7, 2016, Plaintiff's treating physician at the Tuskegee Veterans Administration Medical Center, Dr. Sellers, completed a form captioned "Assistive Device Source Statement" that was provided to him by Plaintiff's representative. *See* Tr. 1250. On the form, Dr. Sellers checked boxes indicating that Plaintiff requires the use of an assistive device that is "medically necessary for any and all terrain." *Id.* Dr. Sellers

6

indicated that both a cane and a walker were prescribed, and that Plaintiff must use "a cane or walker [at] alternative times." *Id.*

The ALJ's opinion reflects a clear rejection of Dr. Sellers's opinion that Plaintiff needs a walker. In his RFC, the ALJ found that Plaintiff can occasionally climb stairs and occasionally can stoop, kneel, crouch, and crawl, and that Plaintiff only "requires a cane to get to and from the work station[.]" The ALJ addressed Dr. Sellers's specific assistive device opinion as follows:

> Partial weight has to be given to the Assistive Device Source Statement from F. L. Sellers, M.D. dated December 2015. The physician reports that the claimant uses a cane and a walker, which are necessary for any and all terrain. He then notes that the devices are used at alternate times. There is no support in the record for the need of a walker. Moreover, the claimant testified at the hearing that he used the cane for standing in place.

Tr. 24. Thus, the court must assess whether the ALJ improperly rejected the opinion of Plaintiff's treating physician that he requires the alternative use of a walker and cane.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Medical opinions provided by treating sources are especially significant in the ALJ's RFC assessment. Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2). Good cause to

discount a treating physician's opinion exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240–41.

To the extent the ALJ articulated any "cause" for his decision to discredit Plaintiff's treating physician's opinion that Plaintiff must alternate his use of a cane and a walker, such "cause" consists only of the ALJ's cursory assertion that "[t]here is no support in the record for the need of a walker." Tr. 24. But the ALJ does not point to any portion of the record tending to show that, indeed, Plaintiff does not need a walker. What the record does show is that Plaintiff has impairments that reasonably could affect his ability to ambulate and support his body weight, including degenerative disc disease, which the ALJ found to be a severe impairment, degenerative changes in both of his feet that may "mildly to moderately impact physical labor requiring prolonged standing [and] walking," Tr. 579, and injuries to his back and knee suffered during an automobile accident in April, 2016. *See, e.g.,* Tr. 1272. As a result of these conditions, Plaintiff complains of going limp or experiencing numbness in his legs and feet. *See, e.g.*, Tr. 53-54. The record also shows that, due to his difficulties with ambulating and, more specifically, supporting his body weight with his lower extremities while raising and lowering his body, the VA approved Plaintiff's application to have his bathroom fitted to increase its accessibility for Plaintiff.

8

Tr. 1702. Some of the features added during this remodeling include, according to Plaintiff's wife, a walk-in shower, hand rails, and a raised toilet seat. Tr. 1620. In addition, due to these difficulties, Plaintiff was instructed on the use of a cane and a "Nova walker" as part of his physical therapy in December of 2015. Tr. 1625-26. This is consistent with Dr. Sellers's note in his July 7, 2016, opinion that the "earliest date this patient was required to use any assistive device" was "12/2015." Tr. 1250.

Against this backdrop of evidence, Dr. Sellers's opinion that Plaintiff medically requires the alternate use of a cane and walker is afforded greater relief. Dr. Sellers's opinion is not without context; it is not simply a casual throw-in to bolster a sympathetic patient's disability claim. Perhaps Plaintiff's needs are fully satisfied by use of a single cane and he does not actually need a walker in any circumstance embraced by the RFC articulated by the ALJ.[4] But without pointing to any evidence tending to show that, contrary to Dr. Sellers's opinion and the physical therapy provided to Plaintiff, Plaintiff does not require use of a walker, the ALJ's decision constitutes little more than his substitution of his own medical opinion for that of Plaintiff's treating physician. This is improper as a matter of law. *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992) ("An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians."). If the ALJ

---

[4] Notably, the ALJ did not ask Plaintiff at the hearing whether he uses a walker, as was prescribed by Dr. Sellers. Instead, the ALJ noted Plaintiff's cane and only asked him whether he needs the cane to stand in place. Tr. 53. Nor did the ALJ recontact Dr. Sellers to further explore his opinion as it pertains to the prescribed walker.

intends to discredit Plaintiff's treating physician's opinion about Plaintiff's need for the alternate use of a cane and a walker, then the ALJ must provide "good cause," as discussed above. Perhaps the ALJ can show that Dr. Sellers's opinion is not supported by his own treatment notes or that it is inconsistent with other medical evidence in the record. But, here, where the ALJ has only conclusorily asserted that there is no record support for Dr. Sellers's opinion, the ALJ has failed to surmount his burden to show "good cause." As such, this matter is due to reversed and remanded to the Commissioner.[5]

## VI. CONCLUSION

For all of the reasons given above, the undersigned Magistrate Judge concludes that the decision of the Commissioner is REVERSED and that this matter is to be REMANDED to the Commissioner for further proceedings consistent with this opinion. A separate judgment will issue.

Done this 27th day of September, 2018.

---

[5] Because the court has determined that reversal and remand to the Commissioner is required on the basis of Plaintiff's first argument, the court does not reach Plaintiff's second claimed error—that the ALJ erred in failing to afford the VA's disability rating great weight or adequately explain his decision not to afford it great weight. *See* Doc. 13 at 8-10. Were the court deciding the matter on that issue, it would likely order reversal and remand on that basis as well. The ALJ recognized that Plaintiff "received a 100% service connected disability rating form the VA." Tr. 24. However, the ALJ gave "less weight" to the VA's rating "because the VA and SSA criteria for determining disability are not identical[.]" *Id.*

The Eleventh Circuit has long recognized that, "[a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidene that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam). The mere fact that, as the ALJ says, the VA and SSA criteria for determining disability are not identical does not permit the ALJ to summarily dismiss the VA's disability rating. *See Brown-Gaudet v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) ("It is not disputed that the VA's 'disability' determination relies on different criteria than the SSA's determination. But that does not mean that the ALJ can summarily ignore

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE

---

the VA's determination or give it 'little weight.'"). Instead, where, as here, the ALJ determines to afford the VA's disability rating "less weight," "the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Id.* The ALJ's summary rejection of the VA's disability rating in this case due to that Agency's different criteria and standards for determining disability falls short of this exacting standard.